IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ALEX WARREN KLINGLER, )<br>)<br>    Petitioner, )<br>)<br>v. )<br>)<br>CARRIE BRIDGES, )<br>)<br>    Respondent. ) | Case No. CIV-23-00324-PRW |

## ORDER

Before the Court is United States Magistrate Judge Gary M. Purcell's Supplemental Report & Recommendation (Dkt. 8), recommending that Petitioner Alex Warren Klingler's Petition (Dkt. 1) be dismissed without prejudice pursuant to the *Younger* abstention doctrine. Petitioner filed a timely objection to the Supplemental Report & Recommendation (Dkt. 11). For the reasons below, the Court **ADOPTS** the Supplemental Report & Recommendation (Dkt. 8) and **DISMISSES** the Petition (Dkt. 1) without prejudice to refiling.

### *Background*

In November 2018, Petitioner was found guilty on three counts of assault and battery with a deadly weapon, six counts of shooting with intent to kill, and one count of maiming. On March 26, 2019, the state district court sentenced Petitioner to ten consecutive life sentences on those counts. After an unsuccessful appeal to the Oklahoma Court of Criminal Appeals ("OCCA"), Petitioner filed a petition for writ of certiorari with the United States Supreme Court. The Court denied the petition on May 3, 2021.

On August 11, 2021, Petitioner filed his first application for post-conviction relief in the Grady County District Court. The state court denied the application on September 21, 2021. On October 18, 2021, Petitioner appealed that denial to the OCCA in Case No. PC-2021-1112. The OCCA dismissed the appeal as untimely.

After multiple additional applications for post-conviction relief to appeal out of time, the state district court and the OCCA finally granted Petitioner's request on January 13, 2023, in Case No. PC-2023-12. Petitioner then filed a timely appeal from the state district court's initial denial of his application for post-conviction relief in Case No. PC-2023-228. That matter remains pending.

On April 18, 2023, Petitioner filed this action seeking habeas relief. He raises several claims related to his convictions, including challenges to the state court's jurisdiction over his criminal proceedings, as well as claims based on insufficient evidence, double jeopardy, and ineffective assistance of appellate counsel.

## *Discussion*

Magistrate Judge Purcell recommends dismissing the Petition pursuant to the *Younger* abstention doctrine. *Younger* requires federal courts to "abstain from exercising jurisdiction when three conditions are satisfied:

1. There is an ongoing state proceeding.

2. The state court provides an adequate forum for the claims raised in the federal complaint.

>   3. The state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies."[1]

"If these three conditions are met, abstention under *Younger* is mandatory."[2] Additionally, "*Younger* governs whenever the requested relief would interfere with the state court's ability to conduct proceedings, regardless of whether the relief targets the conduct of a proceeding directly."[3]

As the Supplemental Report & Recommendation correctly notes, Petitioner has an appeal pending before the OCCA arising from the state district court's denial of his application for post-conviction relief. There is thus "an ongoing state proceeding." Further, Petitioner does not allege that the state-court forum is inadequate, and "Oklahoma has an important interest in enforcing its criminal laws through criminal proceedings in the state's courts."[4] For these reasons, *Younger* requires this Court to abstain from exercising jurisdiction.

Petitioner's sole objection to the Supplemental Report & Recommendation is that Magistrate Judge Purcell erroneously identified OCCA Case No. PC-2023-228 as Petitioner's "post-conviction appeal."[5] Instead, Petitioner argues, his "post-conviction

---

[1] *Columbian Fin. Corp. v. Stork*, 811 F.3d 390, 395 (10th Cir. 2016).

[2] *Id.*

[3] *Joseph A. ex rel. Corrine Wolfe v. Ingram*, 275 F.3d 1253, 1272 (10th Cir. 2002).

[4] *Green v. Whetsel*, 166 F. App'x 375, 376 (10th Cir. 2006). The Court cites unpublished decisions of the Tenth Circuit for their persuasive value, consistent with Tenth Cir. R. 32.1 and Fed. R. App. P. 32.1.

[5] Pet'r's Obj. (Dkt. 11), at 1.

appeal was OCCA Case [No.] PC-2023-75," which was decided on March 28, 2023, so *Younger* does not apply. Though Petitioner is correct that the OCCA has already decided Case No. PC-2023-75, it remains true that a separate appeal in Case No. PC-2023-228 remains pending. So, regardless of the March 28 decision in the prior appeal, "[t]here is an ongoing state proceeding" directly related to his underlying state-court sentence. The Court thus rejects Petitioner's argument and finds that *Younger* mandates abstention.

### *Conclusion*

Upon *de novo* review, the Court agrees with Magistrate Judge Purcell's Supplemental Report & Recommendation and the conclusions therein. The Court thus **ADOPTS** the Supplemental Report & Recommendation (Dkt. 8) in full and **DISMISSES** the Petition without prejudice to refiling after a decision in Petitioner's currently pending appeal at the OCCA.[6] A judgment shall be issued following this Order.

---

[6] Before a habeas petitioner may appeal the dismissal of a section 2254 petition, he must obtain a Certificate of Appealability ("COA"). *See Vreeland v. Zupan*, 906 F.3d 866, 875 (10th Cir. 2018) (citing 28 U.S.C. § 2253(c)(1)(A)). A COA may issue only upon "a substantial showing of the denial of a constitutional right." § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Upon consideration, the Court finds the requisite showing is not met in this case. A COA is therefore **DENIED**.

**IT IS SO ORDERED** this 20th day of June 2023.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE